**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALFIRA CAPRITA,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>            Plaintiff,<br><br>    v.<br><br>THE STELLA ORTON HOME CARE<br>AGENCY, INC.,<br><br>            Defendant. | Case No.: 16 Civ. 6218<br><br>**CLASS AND COLLECTIVE ACTION**<br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Alfira Caprita ("Plaintiff" or "Caprita") by her attorneys Wittels Law, P.C. and Hymowitz Law Group PLLC brings this action individually and on behalf of a class of persons defined below, against Defendant The Stella Orton Home Care Agency, Inc. ("Defendant," "Stella Orton" or the "Company") and alleges the following with knowledge as to her own acts, and upon information and belief as to all other acts:

**SUMMARY OF THIS CLASS AND COLLECTIVE ACTION**
**TO RECOVER FOR DEFENDANT'S MULTIPLE WAGE AND HOUR VIOLATIONS**

  1.  This suit seeks to remedy Defendant Stella Orton's illegal pay practices. Defendant is a home health care agency whose workers provide home-based aid to individuals in need of medical or other home care assistance. Plaintiff and the Class are hard-working home health and personal care aides (collectively, "home care workers") employed by Stella Orton.

  2.  Stella Orton is a sizeable home health company, now servicing over 1,000 customers and employing more than 1,200 home care workers. Stella Orton's success is attributable to the devoted service of its home care workers. Nevertheless, although Plaintiff Ms. Caprita and other members of the Class typically work more than 40 hours per week to service

Stella Orton's expanding patient base and have helped Defendant accomplish its impressive growth, for years Stella Orton failed to pay them the overtime compensation they were legally owed.

3. To make matter's worse, Defendant holds on to the money earned by its home care workers for longer than is allowed under the law. Instead, through its uniform practice of paying late and less frequently than the law requires, Stella Orton further deprives its employees of a fair day's wage for a fair day's work.

4. Defendant's unlawful labor practices undoubtedly benefit its bottom line, but such benefits are in violation of New York State Labor Law and its implementing regulations ("NYLL" or "N.Y. Labor Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations.

5. Home care workers perform physically demanding and vitally important work. These workers are crucial for ensuring access to the care that many individuals need in order to remain healthy and independent, and these workers should be compensated fairly and in accordance with the law.

6. The home care industry has grown dramatically over the past thirty years as more individuals choose to stay at home rather than seek care in nursing homes. Today, there approximately 2 million home care workers nationwide supporting their clients' independence. Yet despite the industry's growth, home care workers remain among the lowest paid in the service industry. The average wage for a home care worker in the United States—overwhelmingly immigrant women and women of color—is less than $20,000 a year. Further, the lack of basic employment protections, including compliance with state and federal wage and hour laws, result in an approximately 50% turnover rate in the home care industry and leaves

those who do stay in the industry unable to take care of their own families.

7.      Plaintiff Ms. Caprita brings this action on behalf of herself and all similarly situated employees, both as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action under the FLSA, 29 U.S.C. § 216(b).

8.      Only by joining together in a class and collective action can Defendant's employees remedy Stella Orton's ongoing wrongdoing.  Because the monetary damages suffered by each employee are small compared to the much higher cost a single employee would incur in trying to challenge Stella Orton's unlawful pay practices, it makes no financial sense for an individual employee to bring her own lawsuit.  Further, many employees don't even realize they are victims of Defendant's wage and hour violations.

9.      With this class action, Plaintiff and the Class seek to level the playing field and ensure that companies like Stella Orton engage in fair and upright business practices.  Plaintiff therefore seeks equitable relief in addition to monetary damages.  Plaintiff asks that the Court declare Defendant's wage and hour practices impermissible, enjoin Defendant from continuing is dishonest practices, require that Defendant return all misappropriated monies, and compensate Plaintiff and the Class for all damages suffered as a result of Defendant's unlawful conduct.

## PARTIES

10.     Plaintiff Alfira Caprita is a New Jersey citizen, and at all times relevant to this action resided in New Jersey.  Plaintiff Caprita was employed by Stella Orton from August 1, 2014 until August 5, 2016.

11.     At all relevant times, Plaintiff Caprita worked as a personal care aide on Staten Island, routinely working more than 40 hours per week.  Plaintiff Caprita's Consent to Join this Collective Action is attached hereto as Exhibit A.

12. Ms. Caprita's duties as a home care worker included making and changing beds; dusting and vacuuming, cleaning and maintaining the vacuum; cleaning kitchens, bedrooms, and bathrooms including putting items away, cleaning the walls, toilets, shower cabin, etc.; washing and putting away dishes; running errands such as shopping for the patient; carrying shopping bags; doing laundry, including necessary ironing taking out the garbage. Ms. Caprita spent more than 25% of her working time as a personal care aid performing this physical labor. Stella Orton's home health aids do these same tasks and also spend more than 25% of their working time performing physical labor.

13. Defendant Stella Orton is a New York corporation with its headquarters located at 3155 Amboy Rd., Staten Island, New York 10314. Stella Orton is primarily in the business of placing home health and personal care aides at the homes of patients with medical and personal care needs.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law, specifically the FLSA, 29 U.S.C. § 201 *et seq*.

15. This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act"). This action meets the prerequisites of the Class Action Fairness Act, because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

16. This Court also possesses supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

17. This Court has personal jurisdiction over Defendant because it is a New York corporation headquartered in New York.

18. Venue is proper in this district under 28 USC § 1391 because Defendant resides in the Eastern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

19. Upon information and belief, Stella Orton was established in 1982 and has since seen robust annual growth. The Company's revenues have been well in excess of $500,000 in each year from 2010 to the present.

20. Stella Orton's employees' work also regularly involves them in interstate commerce. Yet Stella Orton has committed multiple wage and hour violations, which are detailed in the following paragraphs.

### A. Failure to Pay Overtime at the Proper Rate

21. Ms. Caprita worked for Stella Orton from August 1, 2014 to August 5, 2016.

22. During her tenure with Stella Orton, Plaintiff Caprita worked long hours, regularly exceeding 40 hours per week. For example, the payroll account records Ms. Caprita has saved indicate that there were approximately 50 weeks from December 2014 to August 2016 where she worked more than 40 hours per week.

23. From August 1, 2014 through August 5, 2016, Plaintiff Caprita's regular rate of pay was $10.00 per hour. For hours when Plaintiff Caprita provided services to two clients at the same residence ("mutual cases"), Defendant Stella Orton paid Plaintiff Caprita $10.50 per hour; and for weekend or holiday hours, Stella Orton paid Ms. Caprita $11.10 per hour.

24. Until October 31, 2015, Stella Orton did not pay Plaintiff Caprita and the Class

any premium for overtime hours.

25. Starting October 31, 2015, Stella Orton paid Ms. Caprita $15.00 per hour worked in excess of 40 hours per week, although at least once in 2016, Stella Orton failed to pay Plaintiff Caprita the required $15.00 overtime premium.

26. Under the applicable NYLL regulations, 12 NYCRR § 142-2.2, prior to October 13, 2015, Stella Orton was required to pay Plaintiff Caprita and all other members of the Class at least one and a half times the basic minimum hourly rate for each hour worked in excess of 40 hours per week.  In 2014, the overtime rate required by New York law was thus $12.00 (1.5 x $8.00 minimum wage) and in 2015, it was $13.13 (1.5 x $8.75 minimum wage).

27. However, from August 1, 2014 through October 30, 2015, Defendant Stella Orton paid Plaintiff Caprita for overtime worked at her regular $10.00 rate (with additions of $0.50 for mutual cases and $1.10 for weekends/holidays), thus failing in all instances to pay one and a half times the basic minimum hourly rate ($1.5 \times \$8.00 = \$12.00$ and $1.5 \times \$8.75 = \$13.13$, in 2014 and 2015, respectively).

28. Under the applicable FLSA regulations, 29 CFR Part 552, starting on October 13, 2015, Stella Orton was required to pay Plaintiff Caprita and all other members of the Class at one and a half times their regular hourly rate ($15.00 per hour), for each overtime hour worked in excess of 40 hours worked during a week.

29. From October 13, 2015 until October 30, 2015, Stella Orton failed to pay an overtime premium of one and a half times the regular hourly rate.

30. In addition, at least once in 2016, Stella Orton failed to pay Plaintiff Caprita the required $15.00 overtime premium due to a uniform corporate policy of misclassifying certain hours worked as straight time only.

31. The overtime violations detailed above are evident from the payroll account records in both Ms. Caprita's and Defendant Stella Orton's possession.

32. Defendant's failure to pay Plaintiff the proper overtime compensation required by the FLSA and NYLL was willful.

33. Defendant's unlawful conduct occurred pursuant to a corporate policy and/or practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the FLSA and NYLL.

### B. Denial of "Spread of Hours" Pay for Time Worked In Excess of 10 Hours

34. Plaintiff Caprita's regular hourly wage was $10 per hour, the minimum required under the New York Wage Parity Law, N.Y. Pub. Health Law § 3614-c.

35. Pursuant to 12 N.Y.C.R.R. § 142-2.4 Defendant is required by New York law to pay Plaintiff and the Class an extra hour's pay for split shifts or any time worked in excess of the 10-hour shift. This required extra pay is called "spread of hours" pay.

36. Plaintiff Caprita and the Class regularly worked more than ten hours per day. For example, from during every week from March 5, 2016 until August 5, 2016 Plaintiff Caprita worked at least one shift that was longer than 10 hours but was not paid spread of hours pay.

37. Defendant failed and continues to fail to provide spread of hours pay to its employees when they work more than ten hours per day.

38. The spread of hours violations detailed above are evident from both the payroll account records in Ms. Caprita's and Defendant Stella Orton's possession.

### C. Wage Theft Prevention Act Violations

39. Defendant failed to provide Plaintiff and the Class with accurate wage statements, which is required by NYLL § 193(3).

40. Defendant also failed to furnish Plaintiff and the Class with an accurate annual wage notice as required by NYLL § 193(1).

### D. Failure to Pay Wages in a Timely Manner with Required Frequency

41. Plaintiff Caprita and the Class are manual workers within the meaning of NYLL § 191(1)(a)(i). They spend well in excess of 25% of their working time performing physical labor.

42. NYLL § 191(1)(a)(i) requires that Plaintiff and the Class be paid weekly and that wages be paid with no more than a 7-day lag—i.e. not later than seven calendar days after the end of the week in which the wages are earned.

43. The FLSA requires that wages be promptly paid and that they not be unreasonably delayed.

44. Defendant failed to pay earned compensation to Plaintiff and the Class with the frequency and timeliness required by NYLL § 191(1)(a)(i).

45. Defendant also delayed payment longer than is reasonable under the FLSA.

46. At all relevant times prior to June 12, 2015, the Company's uniform payroll practice was to pay its employees like Plaintiff Caprita every other Friday. On each payday Plaintiff was given two paychecks, with each check covering one of the weeks in a two week pay period. The checks, however, were lagged by 7 days—on any given Friday one check was for work performed in the week prior to the one that was just ending, and the other check covered the week that had ended 14 days before payday. Stella Orton thus made Plaintiff and the Class wait 14 days for the first week's paycheck.

47. Beginning on June 13, 2015, the Company changed its payroll practices and began paying Plaintiff Caprita and the Class with single paychecks that covered a two-week pay

period, but as before Stella Orton lagged the checks by 7 days. Like the previous practice, the new policy meant that payment for the first week of work was delayed by 14 days.

48. Defendant's failure to promptly pay Plaintiff and the Class was willful, unreasonable, and was motivated by illegitimate business purposes, including Stella Orton's desire to transfer money from its workers pockets to the Company's coffers. When these minimum wage workers' wages are discounted for the delay in payment, each employee is paid less than the New York minimum wage for the hours she worked during the first week's pay period. Defendant's federal and state overtime violations are similarly exacerbated by the delayed payment.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff brings Counts I and II under the FLSA on behalf of herself and all other similarly situated current and former home health and personal care aides (collectively "home care workers") employed by Defendant at any time within the three years prior to the date of the filing of this action and thereafter (the "FLSA Collective").

50. At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one-and-one-half times their regular rates work in excess of 40 hours per workweek. Defendant also unreasonably delayed Plaintiff and the FLSA Collective's first week paychecks by 14 days. Plaintiff's claims stated herein are essentially the same as those of the other members of the FLSA Collective.

51. Defendant's unlawful conduct, as described in this Class and Collective Action

Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

52. Defendant is aware or should have been aware that as of October 13, 2015 federal law requires it to pay home care workers an overtime premium for hours worked in excess of 40 per workweek.

53. Defendant is aware or should have been aware that the FLSA requires that wages be promptly paid and that they not be unreasonably delayed.

54. Counts I and II are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

55. The members of the FLSA Collective are readily ascertainable, can be located through Defendant's records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

56. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

57. Plaintiff brings her claims under the New York Labor Law (Counts III-VII) pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a Class of Stella Orton current and former employees preliminarily defined as follows:

> All persons who were employed by Stella Orton as home health and personal care aides (collectively "home care workers") at any time within six years prior to the date of the filing of this action and thereafter (the "Class").

58. Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Stella Orton; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family.

59. The N.Y. Labor Law counts brought by Plaintiff may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

60. The size of the Class is more than 100 individuals. The persons in the Class are so numerous that the joinder of all such persons is impracticable.

61. Plaintiff is a member of the Class. Her claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class. All members of the Class have been subject to and affected by the same or similar conduct.

62. Plaintiff will fairly and adequately protect the interests of all Class members because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to her for the illegal conduct of which she complains. Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Class.

63. Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

   a. Whether Defendant failed to pay the Class all overtime compensation earned in violation of N.Y. Labor Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.2;

   b. Whether Defendant failed to provide the Class spread-of-hours pay when the length of their workday was greater than 10 hours;

   c. Whether Defendant violated the frequency and timeliness of pay requirements of NYLL § 191(1)(a)(i);

   d. Whether Defendant failed to furnish the Class with accurate wage statements, as required by NYLL § 195(3);

   e. Whether Defendant failed to furnish the Class with an accurate annual wage notice, as required by NYLL § 195(1); and

   f. Whether, and to what extent, equitable relief should be imposed on Defendant to prevent the company from continuing its unlawful labor policies; and

g. The extent of class-wide injury and the measure of damages for those injuries.

64. A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

65. Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

## COUNT I
### (FLSA – UNPAID OVERTIME WAGES)

66. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67. At all relevant times, Plaintiff and the FLSA Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

68. At all relevant times, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

69. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of October 13, 2015, apply to Defendant Stella Orton and protect Plaintiff and the FLSA Collective.

70. The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

71. In violation of the FLSA and supporting regulations, Stella Orton has engaged in a widespread pattern, policy, and practice of failing to pay Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40 hours in a workweek.

72. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT II
### (FLSA – PROMPT PAYMENT VIOLATIONS)

73. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

74. The FLSA mandates that wages be promptly paid and that they not be unreasonably delayed.

75. In violation of the FLSA, Stella Orton has engaged in a widespread pattern, policy, and practice of failing to promptly pay Plaintiff and the FLSA Collective.

76. Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that its practices with respect to the compensation of Plaintiff and the FLSA Collective are unlawful. Because Defendant willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

77. Defendant has not made a good faith effort to comply with the FLSA's prompt payment requirement.

78. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT III
## (NYLL – UNPAID OVERTIME WAGES)

79. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

80. The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

81. Prior to October 13, 2015, the effective date of updated 29 CFR Part, Plaintiff was exempt from Section 13 of the FLSA. N.Y. Labor Law §§ 650 *et seq*., and 12 NYCRR § 142-2.2 provides that "an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended . . . overtime at a wage rate of one and one-half times the basic minimum hourly rate."

82. In violation of N.Y. Labor Law §§ 650 *et seq*. and applicable regulations and wage orders issued by the New York Department of Labor (12 NYCRR § 142-2.2), Stella Orton has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

83. By Defendant's knowing or intentional failure to pay Plaintiff and the Class the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

84. Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to

the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

## COUNT IV
### (NYLL – SPREAD-OF-HOURS PAY)

85. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

86. Under 12 NYCRR § 142-2.4, Stella Orton is required to pay an employee an extra hour of pay for any split-shift or day in which the employee's "spread of hours" exceeds 10 hours. The relevant spread is the time between the beginning and the end of employee's work day including all working time, time off for meals, and time off duty, as defined by 12 NYCRR § 142-2.18.

87. Plaintiff and the Class often work a spread of hours in excess of 10 hours per day. However, Defendant never pays these employees an extra hour of pay for each in which they worked over 10 hours. Defendant continually violates 12 NYCRR § 142-2.4.

88. By Defendant's knowing or intentional failure to pay Plaintiff and the Class spread-of-hours pay, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

89. Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the Class, including hours worked each workday and total hours worked each workweek, as required by N.Y. Labor Law § 195(4) and supporting regulations.

90. Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable

attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V
## (NYLL – VIOLATIONS RELATED TO TIMELINESS AND FREQUENCY OF PAY)

91. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

92. Plaintiff and the Class are manual workers within the meaning of NYLL § 191(1)(a)(i).

93. Stella Orton willfully failed to pay Plaintiff and the Class earned compensation in a timely manner and with the required frequency in violation of NYLL § 191(1)(a)(i).

94. Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant damages for late payments of wages in the amount of liquidated damages equal to one hundred percent of all late payments, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 198.

## COUNT VI
## (NYLL – FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

95. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

96. Stella Orton willfully failed to provide Plaintiff and the Class with wage notices, as required by N.Y. Labor Law § 195(1).

97. Through its knowing or intentional failure to provide Plaintiff and the Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

98. Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to statutory penalties of $50 for each workday that Defendant failed to provide

them with wage notices, or up to a total of $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-b).

## COUNT VII
### (NYLL – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS)

99. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

100. Stella Orton willfully failed to provide Plaintiff and the Class with accurate statements of wages, as required by N.Y. Labor Law § 195(3).

101. Through its knowing or intentional failure to provide Plaintiff and the Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

102. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alfira Caprita on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective members (asserting FLSA claims and NYLL claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state law claims;

B. Designation of Plaintiff as the Representative of the FLSA Collective;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendant, as authorized by the FLSA;

E. Certification of this case as a class action pursuant to Rule 23;

F. Designation of Plaintiff as the Representative of the Class and counsel of record as Class Counsel;

G. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*, NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

H. Unpaid overtime pay, spread of hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I. All damages available for Defendant's failure to pay wages on time and with required frequency in violation of N.Y. Labor Law § 191(1)(a)(i);

J. Statutory penalties of $50 for each workday that Defendant failed to provide the Plaintiff and the Class with a wage notice, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

K. Statutory penalties of $250 for each workweek that Defendant failed to provide Plaintiff and the Class with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

L. Pre-judgment interest and post-judgment interest;

     M.     Issuance of an injunction requiring Defendant to pay all statutorily required wages pursuant to the N.Y. Labor Law and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

     N.     Punitive damages;

     O.     Penalties, as provided by law;

     P.     Reasonable attorneys' fees and costs of the action; and

     Q.     Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Caprita requests trial by jury in this action of all issues so triable.

Dated: Armonk, New York
       November 8, 2016

By:   /s/ Steven L. Wittels
Steven L. Wittels (SW-8110)
J. Burkett McInturff (JM-4564)
Tiasha Palikovic (TP-5697)
WITTELS LAW, P.C.
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 319-9945
Facsimile:  (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

Daniel Hymowitz (DH-0936)
Andrey Belenky (AB-0168)
HYMOWITZ LAW GROUP, PLLC
1629 Sheepshead Bay Road
Brooklyn, NY 11235
Telephone: (718) 807-9900
Facsimile: (866) 521-6040
daniel@hymowitzlaw.com
abelenky@hymowitzlaw.com

*Attorneys for Plaintiff and the Class*